**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4469**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STEVEN OMELIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cr-00007-RLV-DCK-1)

Submitted: December 7, 2016       Decided: January 4, 2017

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Coulter, COULTER LAW OFFICE, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Omelian pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Omelian to 14 months of imprisonment, followed by 2 years of supervised release. Following Omelian's release from incarceration, the district court twice revoked his supervised release for various violations. After Omelian was released from custody the third time, the district court again revoked Omelian's supervised release and sentenced him above the advisory Guidelines range to 24 months of imprisonment without imposing a further term of supervised release. Omelian appeals, arguing that the sentence is plainly unreasonable. Finding no error, we affirm.

Omelian contends that the court failed to adequately explain the revocation sentence and it is therefore procedurally unreasonable. We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). The first step in this analysis is a determination of whether the sentence is unreasonable; in making this determination, we follow the procedural and substantive considerations employed in reviewing original sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter

2

Seven of the Sentencing Guidelines along with the statutory factors, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence is plainly unreasonable. Id. at 438-39.

A district court must adequately explain a revocation sentence, "whether the district court imposes an above, below, or within-Guidelines sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Id. (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court sufficiently explained the chosen sentence and the sentence is not unreasonable. It follows, therefore, that the sentence is not is plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED